# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

DONALD ALAN SING )
and BRIAN D. DAVIS, )
 )
    Plaintiffs, )
 )
v. ) Case No. CIV-19-00573-JD
 )
BANK OF COMMERCE, )
 )
    Defendant. )

## ORDER

Before the Court is Plaintiff's Unopposed Application to File Documents Under Seal ("Motion"). [Doc. No. 77]. The Motion seeks leave to file certain documents under seal related to a motion to compel. Presumably, the motion to compel referenced in the Motion is [Doc. No. 79], filed on July 2, 2020. Plaintiffs state that Defendant is not opposed to this Motion. The Motion is PROVISIONALLY GRANTED.

The Motion seeks to file under seal:

1) Unredacted version of a June 11, 2018 e-mail identified by Defendant as "BOCOK 006515";

2) February 25, 2020 e-mail with attached employee list, identified by Defendant as "BOCOK 014566"; and

3) A series of e-mails and attachments Defendant has identified as "BOCOK 033891."

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). The Court advises the parties that while a protective order or other confidentiality restriction may prohibit private use and disclosure of records, for purposes of public filings, parties may not unilaterally restrict public access to documents filed in the courts by deeming or marking a document "confidential" and therefore subject to a protective order—particularly where (as here), the documents appear to be at the core of the controversy. *See, e.g.*, *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241-42 (10th Cir. 2012) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006)).

"[T]he presumption of access can be rebutted if countervailing interests heavily outweigh the public interests in access." *Mann*, 477 F.3d at 1149 (citations omitted). A movant must establish that the interest in restricting the public's access to specific information in their case "outweighs the public interest in access, particularly . . . [where] the parties themselves placed these [documents] at the center of th[e] controversy. . . ." *Colony*, 698 F.3d at 1241 (denying motions to file parts of briefs and appendices under seal where basis of motions was confidentiality provisions in settlement agreement).

Accordingly, the Court PROVISIONALLY GRANTS the Motion [Doc. No. 77]. Plaintiffs may, by Tuesday, July 7, 2020, publicly file narrowly redacted versions of only the documents described in the Motion, and may file unredacted versions under seal.

Assuming the parties do not resolve the issues in the motion to compel prior to a ruling on the issue, the Court will address the sealing and confidentiality issue when a ruling on the merits of the motion to compel is before the Court. Any party seeking to

keep a document under seal after that should be fully prepared to address the Tenth Circuit's authorities on access to public records and sealing, as well as the Western District of Oklahoma's ECF Policies and Procedures Manual and this Court's *Guidelines for Protective Orders on Confidentiality, Sealing Documents, and Redactions in Civil Cases*.

      IT IS SO ORDERED this 2nd day of July 2020.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE